Zobel, J.
MEMORANDUM
All agree that a witness who commits perjury is absolutely immune from suit. Were the rule otherwise, a losing party would be likely to sue any opposing witness whose testimony the loser suspected of falsity; the losing party in that action would sue. Litigation could continue interminably.
Here, however, Plaintiffs allege not that Defendant Stuart F. Liss lied on the witness stand, but rather that he threatened to do so unless Plaintiffs released him from certain claims. The gist of the claim, therefore, is the extortionate nature of the conduct.
Put colloquially, Plaintiffs accuse Defendant of saying: “If you don’t give me what I want, I’ll take the witness stand and lie through my teeth — and you won’t be able to do a thing to me!” Whether or not he actually intended to perjure himself, the effect on his hearers was exactly what it would be if he did in fact plan to lie. The threat, and the change in Plaintiffs’ position which it induced, not the future performance itself, constituted the tort.
This discussion of course prescinds from the credibility of Plaintiffs’ evidence and other forensic merits of the case. For purposes of the instant motion, Plaintiffs have put forward enough to preclude summary judgment.
ORDER
Accordingly, it is Ordered, that Defendant Stuart F. Liss’ Motion for Summary Judgment be, and the same hereby is, Denied.